FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 2 6 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
:
       Plaintiff, :  Civil Action. No.
:   03-CV-6087 (NGG) (KAM)
:
       v. :
:
MAGGIES PARATRANSIT CORP. :  <u>CONSENT DECREE</u>
:
       Defendant. :
-----------------------------------------------------------X

       This action was initiated on December 3, 2003 by the Plaintiff, the Equal Employment Opportunity Commission (hereinafter the "EEOC"), an agency of the United States Government, alleging that Maggies Paratransit Corp. (hereinafter "Defendant") discriminated against claimants Mia Maddox, Wendy Mercado, and other similarly situated individuals who are all former employees of Defendant, in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-2(a), by engaging in a pattern of sexual harassment and the creation of a hostile environment, retaliation against those opposing unlawful activity, and by discharging claimants on the basis of their sex.

       The EEOC and Maggies (hereinafter "the parties") desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between Maggies and the EEOC, whom are the signatories hereto, and their successors or assigns. The parties have agreed that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court.

       In consideration of the mutual promises of each party to this Decree, the sufficiency of

1



which is hereby acknowledged, the EEOC and Maggies agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

1. This Decree resolves all issues raised in EEOC Charge Numbers 160-A2-01947, 16G-2003-11379, 16G-2003-03338, and all issues that were raised in the EEOC's Complaint in this case. Aside from the matters identified in the previous sentence, this Decree in no way affects EEOC's right to process any pending or future charges that may be filed against defendant and to commence civil actions on any such charges.

2. The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree, or the jurisdiction of the federal district court to enforce this Decree and its terms.

3. This Decree is being issued with the consent of the parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint. Nothing contained in this Decree shall be construed as an admission of liability on the part of Maggies, which has denied and continues to deny the allegations of the Complaint asserting sexual harassment, the creation of a hostile environment, retaliation, and unlawful discharges under Title VII.

4. Maggies, its managers, officers, agents, successors, and assigns, will not discriminate against any individual because of that individual's sex, engage in sexual harassment toward any employee, or engage in retaliation of any individual for asserting her or his rights under Title VII. Maggies and its agents further agree not to retaliate against any individual, who has participated in this matter in some way or given testimony in this matter or asserted her or his

rights under Title VII, including, but not limited to, Mia Maddox, Wendy Mercado, Luisa Sabat, Regina John, Wendy Green, and Tamara Wilson.

A. PAYMENT

5. In settlement of this dispute, Maggies agrees to pay damages in the amount of $110,000 (one hundred and ten thousand dollars) to harmed individuals ("claimants") pursuant to a separate Schedule attached to the Consent Decree as Exhibit A. It agrees to pay half of the amount designated for each claimant in Exhibit A within ten (10) business days after the Court "So Orders" this Decree. Maggies agrees to pay the other half sixty (60) days thereafter. Maggies will send checks to claimants by certified mail, return receipt requested, within the above time.

6. a) Except as specified below in paragraph b, damages paid in this matter shall be deemed compensatory damages. Defendant shall issue to each Claimant an IRS Form 1099. Each claimant shall be responsible for any taxes owed with respect to these payments. Maggies will send copies of each check and return receipt to Michael Ranis, New York District Office of the EEOC, after Maggies receives the return receipt from each of the six claimants and agrees to forward to the EEOC copies of the endorsed checks within ten (10) business days of receipt of the endorsed checks. Maggies will also send copies of the 1099 forms to each Claimant by January 31, 2006.

B) Ninety percent of the total monetary amount designated for claimant Luisa Sabat is compensation for physical injuries. A 1099 Form will be issued only for the 10% portion of damages representing compensatory damages for non-physical harm.

B. NOTICE AND POSTING

7. Maggies shall ensure that EEO posters pertaining to laws prohibiting

3

discrimination and sexual harassment are posted in a conspicuous place in all of its locations in accordance with 29 C.F.R. §1601.30.

8. Within ten (10) days following the date the Court "So Orders" the Consent Decree, Maggies agrees to post the remedial Notice attached as Exhibit B in a conspicuous place in all of its locations specifying the terms and conditions of the settlement of this case. The notice shall remain posted through the duration of this Consent Decree.

C. TRAINING

9. At some date after June 30, 2005 and before December 31, 2005, Maggies agrees to provide no fewer than two (2) hours of training concerning sexual harassment for all Defendant's employees other than its drivers, to be conducted by Rossein Associates or another outside agency or trainer to be reviewed and approved by the EEOC. The training shall include discussion of Maggies Sexual Harassment Policy, the complaint procedure, and Maggies' policy prohibiting retaliation for the making of any such complaints. The same training will be conducted again at some date after June 30, 2006 and before December 31, 2006.

10. Within 180 days of the effective date of this Decree, Maggies agrees to provide no fewer than four (4) hours of additional training concerning sexual harassment for all Defendant's management/supervisory employees and human resources personnel who are responsible for investigating sexual harassment complaints, to be conducted by Rossein Associates or another outside agency or trainer to be reviewed and approved by the EEOC. Such will include, but is not limited to, training for Ray Perez, Augie Vona, the dispatch managers, driver supervisors, and human resources personnel. Such training will focus on identifying sexual harassment, the complaint procedure, assuring that individuals are not retaliated against for making a complaint,

and proper investigation of such complaints. The same training will be conducted again at some date after June 30, 2006 and before December 31, 2006.

11. Within 14 days of the date the Court "So Orders" this Decree, Maggies will distribute to all of its employees a copy of defendant's Sexual Harassment policy, and complaint procedure attached as Exhibit C. Maggies also agrees that all new employees will be provided a copy of defendant's Sexual Harassment policy, which includes a provision prohibiting retaliation for making a complaint, and defendant's complaint procedure regarding harassment and as attached as Exhibit C.

D. MONITORING

12. Within thirty (30) days of the completion of each of the four trainings described in the preceding two paragraphs, Maggies shall provide Michael Ranis of the EEOC's New York District Office with a listing and sign in sheets indicating all employees, managers and supervisors who have attended and received the training, including the dates of the trainings.

13. Six and eighteen months after the Court "So Orders" the Decree, Maggies shall provide a written report to the Michael Ranis of the EEOC's New York District Office, with information regarding any verbal or written complaints of sexual harassment from employees which were received during the preceding period. Maggies shall provide Michael Ranis of the EEOC's New York District Office the name of the complainant, the name of the alleged harasser, a summary of the complaint, the location, the results of any investigation of the complaint, and any remedial action taken by Maggies. EEOC may monitor Maggies compliance with Title VII and this Consent Decree by inspection of Maggies' premises and records as well as interviewing witnesses and employees during normal business hours, upon reasonable notice and without

interfering with the operation of Maggies' business.

14. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Maggies fails to perform the promises and representations contained herein. The Court shall retain jurisdiction over any such enforcement proceedings during the duration of this Consent Decree. Unless Maggies fails to perform its obligations hereunder, the EEOC will not seek any further damages or relief in this action.

15. The parties agree to bear their own attorneys' fees and costs associated with this case.

16. This Decree will remain in effect for two years.

SO ORDERED, ADJUDGED AND DECREED.

Signed this 30 day of May, 2005

---
JUDGE NICHOLAS GARAUFIS
U.S.D.J.

APPROVED IN FORM AND CONTENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

---
Elizabeth Grossman
Acting Regional Attorney

Nora E. Curtin
Acting Supervisory Trial Attorney

Michael B. Ranis (MR-3757)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

New York District Office
33 Whitehall Street
New York, NY 10014
(212) 336-3701

*[signature]*
Mr. Augie Vona
Project manager
MAGGIES PARATRANSIT CORP.

MINTZ & GOLD LLP

*[signature]*
Jeffrey D. Pollack (JP-1409)
470 Park Avenue South, 10th Flr. N.
New York, New York 10016
(212) 696-4848

Exhibit A

## Schedule of Payments to Be Made by Defendants:

| | |
|---|---|
| Mia Maddox: | $40,000 |
| Luisa Sabat: 90% as damages for physical injury, without a 1099: | $34,000 |
| Wendy Mercado: | $15,000 |
| Tamara Wilson: | $11,000 |
| Wendy Green: | $7,000 |
| Regina John: | $3,000 |
| **TOTAL:** | **$110,000** |

8

Exhibit B

## NOTICE

1. This NOTICE to all employees of MAGGIES PARATRANSIT CORP. is being posted and provided as part of a consent decree between MAGGIES PARATRANSIT CORP. and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.

2. Federal law requires that there be no discrimination against any employee or applicant for employment because of sex, nor any sexual harassment or creation of a hostile work environment because of an individual's sex. It also requires that there be no discrimination against any employee or applicant who made a complaint of discrimination because of sex, race, national origin, color or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions, or privileges of employment.

3. MAGGIES PARATRANSIT CORP. strongly supports and will comply with such Federal law in all aspects, and it will not take any action against employees because they have acted on those rights under the law by filing charges with the U.S. Equal Employment Opportunity Commission or by otherwise complaining or opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

4. The Equal Employment Opportunity Commission maintains offices throughout the United States. Its toll-free telephone number is 1-800-USA-EEOC.

5. This NOTICE will remain posted until April 30, 2007.

SIGNED this 16 day of May, 2005.

_____
Mr. Augie Vona
President of Operations, MAGGIES PARATRANSIT CORP.

**DO NOT REMOVE THIS NOTICE UNTIL APRIL 30, 2007**

Exhibit C

SEXUAL HARASSMENT POLICY

Maggies Paratransit Corp. strongly believes that all people have the right to work in an environment free from any form of unlawful harassment, including sexual harassment. Therefore, Maggies Paratransit Corp. strictly prohibits unlawful harassment on the basis of sex, religion, race, national origin, age, marital status, sexual orientation, disability or any other protected characteristic. Maggies Paratransit Corp. will not tolerate any unlawful harassment by or against any of its employees, vendors, suppliers, or other third parties, either on Company premises or off premises while on Company business.

Harassment includes, but is not limited to:

1. Verbal harassment, such as epithets, comments about a person's appearance or personal life, derogatory comments or slurs;

2. Physical touching, such as assault, impeding or blocking movement or any physical interference with normal work or movement when directed at an individual (e.g. massaging someone's shoulders, touching someone's hair or clothes, or intentionally brushing up against another's body);

3. Visual forms of harassment, such as displaying or circulating, on paper or electronically (e.g. in email or on the internet), any derogatory object, poster, cartoon, drawing, picture, video, or text that is offensive or shows hostility or aversion toward a particular protected characteristic, including so-called "jokes";

4. Requests for sexual favors or unwanted sexual advances or flirtations;

5. Conditioning any term or benefit of employment upon sexual favors (or implying that such is a condition of employment), or

6. Any other conduct that unreasonably interferes with an employee's performance of his or her job or that creates an intimidating, hostile or offensive working environment.

This policy does not prohibit completely consensual relationships between employees, but both parties must be conscious of the contours of such a relationship in today's climate. Specifically, both parties must realize the potential dangers that exist when a subordinate and a supervisor are involved in a relationship. If one of the parties no longer wants the relationship to continue (i.e. withdraws his or her consent), the relationship must cease immediately.

**We Encourage Employees to Report Harassing Conduct**

We encourage employees to report unlawful harassing conduct, and assure you that you will not face any adverse treatment by the Company or any employee for reporting harassment in good faith or participating in the investigation of a harassment complaint. <u>Without your full cooperation our efforts to investigate such allegations may be hindered.</u>

**How to Report Possible Unlawful Harassment**

Any employee who is subject to or witnesses possible unlawful harassment must immediately report it to the attention of Agostino Vona at 234 Logan Street, Brooklyn, NY 11208, (718) 647-2988 Ext 12. If you do not feel comfortable going to him, you can go to

Mary Rohan at the same address and phone number or Marie Campo at 233 Norwood Avenue, Brooklyn, NY 11208, (718) 647-5100. Any supervisor who becomes aware of unlawful harassing conduct must immediately report it to Mr. Vona or Ms. Campo.

Confidentiality will be maintained to the greatest extent possible, consistent with our obligation to conduct a thorough investigation. The matter will be thoroughly investigated and, after reviewing all the evidence, a determination will be made concerning whether reasonable grounds exist to believe that unlawful harassment has occurred. Neither the complaining party nor the alleged harasser will participate in reaching that conclusion. The Company will then take appropriate action.

Any employee who engages in unlawful harassing conduct will be disciplined, up to and including immediate termination. We will not accept any excuses, including that the employee "did not mean any harm" or "was just kidding". Additionally, a person who engages in unlawful harassment may be liable to the victim for monetary damages.